Hearing Date and Time: March 30, 2011 at 3:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: March 29, 2011 at 12:00 p.m. (Prevailing Eastern Time)

**McKENNA LONG & ALDRIDGE LLP**
230 Park Avenue
New York, New York 10169
Telephone: (212) 905-8300
Facsimile: (212) 922-1819
Christopher F. Graham

**McKENNA LONG & ALDRIDGE LLP**
303 Peachtree Street, Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198
J. Michael Levengood (*pro hac vice* admission pending)
Alison M. Elko (*pro hac vice* admission pending)

*Counsel for Debtor Suffolk Regional*
*Off-Track Betting Corporation*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SUFFOLK REGIONAL OFF-TRACK BETTING CORPORATION,<br><br>Debtor.[1] | Chapter 9<br><br>Case No. 11-42250-CEC |

**NOTICE OF MOTION OF SUFFOLK REGIONAL OFF-TRACK**
**BETTING CORPORATION TO CONFIRM THE PROTECTIONS**
**OF SECTIONS 362, 922, 365 AND 904 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion")

of Suffolk Regional Off-Track Betting Corporation ("Suffolk OTB") to confirm the protections

of sections 362, 922, 365 and 904 of the Bankruptcy Code, as more fully described in the

---

[1] Suffolk Regional Off-Track Betting Corporation's address is 5 Davids Drive, Hauppauge, New York 11788 and its tax-payer identification number is 11-2336937.

Motion, will be held before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein Courthouse, Courtroom 3529, 271 Cadman Plaza East, Brooklyn, NY 11201-1800 (the "Bankruptcy Court"), on **March 30, 2011, at 3:00 P.M. Eastern Time (Prevailing Eastern Time)** (the "Hearing").

      **PLEASE TAKE FURTHER NOTICE** that the Motion, and proposed order related thereto, may be viewed on the Bankruptcy Court's website (www.nyeb.uscourts.gov) with a login and password to the Court's Public Access to Court Electronic Records and copies can be obtained from the Debtor's counsel.

      **PLEASE TAKE FURTHER NOTICE** that an objection, if any, to the relief sought in the Motion must be in writing, conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Eastern District of New York, and filed (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with General Order No. 559) which may be accessed through the Internet at the Bankruptcy Court's website at: www.nyeb.uscourts.gov, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on diskette in either Word, WordPerfect, or DOS text (ASCII) format.  An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph.  A hard copy of an objection, whether filed under section (a), (b) or (c) as set forth in this paragraph, must be delivered directly to the Chambers of the Honorable Carla E. Craig at the United States

Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein Courthouse, 271 Cadman Plaza East – Suite 1595, Brooklyn, NY 11201-1800, so as to be received no later than the time of the hearing. The objection shall be served upon McKenna Long & Aldridge, LLP, 230 Park Avenue, New York, New York 10169, Attn: Christopher F. Graham, Esq, so as to be filed and received by no later than **March 29, 2011 at 12:00 P.M. (Prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
      March 24, 2011

    McKENNA LONG & ALDRIDGE LLP

By: s/ Christopher F. Graham
    Christopher F. Graham

    230 Park Avenue
    New York, New York 10169
    Telephone: (212) 905-8300
    Facsimile: (212) 922-1819

    J. Michael Levengood
    Alison M. Elko
    303 Peachtree Street, Suite 5300
    Atlanta, GA 30308
    Telephone: (404) 527-4000
    Facsimile: (404) 527-4198

    *Counsel for Debtor Suffolk Regional*
    *Off-Track Betting Corporation*

Hearing Date and Time: March 30, 2011 at 3:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: March 29, 2011 at 12:00 p.m. (Prevailing Eastern Time)

**McKENNA LONG & ALDRIDGE LLP**
230 Park Avenue
New York, New York 10169
Telephone: (212) 905-8300
Facsimile: (212) 922-1819
Christopher F. Graham

**McKENNA LONG & ALDRIDGE LLP**
303 Peachtree Street, Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198
J. Michael Levengood (*pro hac vice* admission pending)
Alison M. Elko (*pro hac vice* admission pending)

*Counsel for Debtor Suffolk Regional*
*Off-Track Betting Corporation*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SUFFOLK REGIONAL OFF-TRACK<br>BETTING CORPORATION,<br><br>Debtor.[2] | Chapter 9<br><br>Case No. 11-42250-CEC |

**MOTION OF SUFFOLK REGIONAL OFF-TRACK**
**BETTING CORPORATION TO CONFIRM THE PROTECTIONS**
**OF SECTIONS 362, 922, 365 AND 904 OF THE BANKRUPTCY CODE**

TO THE HONORABLE CARLA E. CRAIG
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[2] Suffolk Regional Off-Track Betting Corporation's address is 5 Davids Drive, Hauppauge, New York 11788 and its tax-payer identification number is 11-2336937.

Suffolk Regional Off-Track Betting Corporation, the debtor in the above-captioned case ("Suffolk OTB"), moves this Court (this "Motion") for an order (the "Order"): (a) confirming the automatic stay provisions of sections 362 and 922 of the Bankruptcy Code; (b) confirming the anti-termination and anti-modification provisions of section 365 of the Bankruptcy Code; and (c) confirming the anti-interference provisions of section 904 of the Bankruptcy Code.  In support of this Motion, Suffolk OTB respectfully represents as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§157 and 1334.  This is a core proceeding under 28 U.S.C. §157(b).  Venue is proper before this Court under 28 U.S.C. §§1408 and 1409.

2.  The statutory predicates for the relief requested by this Motion are sections 105, 362, 922, 365 and 904 of the Bankruptcy Code.

## FACTUAL BACKGROUND

3.  On March 18, 2011 (the "Petition Date"), Suffolk OTB filed its voluntary petition for relief under chapter 9 of the Bankruptcy Code.  By order dated March 21, 2011, Chief Judge Dennis Jacobs of the United States Court of Appeals for the Second Circuit designated Chief Judge Carla E. Craig of the United States Bankruptcy Court for the Eastern District of New York to conduct all proceedings with respect to the above-styled chapter 9 case.

4.  Suffolk OTB is one of six separately-governed off-track betting corporations ("OTBs") in the State of New York ("New York" or the "State").  Headquartered in Hauppauge, Suffolk OTB has 11 branches throughout the County of Suffolk ("Suffolk" or the "County").  Suffolk OTB opened its first branch in April 1975, five years after the New York Legislature authorized the creation of the first OTB in New York City.  In addition to its

branches, Suffolk OTB has 18 Qwik Bet (machine betting) locations, a tele-theater and a telephone account wagering operation.

5. Suffolk OTB is a public benefit corporation, which offers off-track pari-mutuel wagering on thoroughbred and harness horse races held at race tracks located in the State and certain race tracks located outside of the State. The objectives of this off-track pari-mutuel betting system are to promote the horse racing industry, generate revenues for the State and local governments, and diminish the role of illegal bookmakers. Since its creation, Suffolk OTB has returned more than $187 million to the taxpayers of Suffolk County and $141 million to the State and other local governments.

6. Suffolk OTB was established by and operates under Article V of the New York Racing, Pari-Mutuel Wagering and Breeding Law (the "Racing Law"). It is governed by a Board of Directors (the "Board"), consisting of members from Suffolk County, and its operations are regulated by the State. In accordance with the Racing Law, the New York State Racing and Wagering Board (the "Racing and Wagering Board") exercises extensive oversight and regulatory authority over Suffolk OTB.

7. The financial condition of Suffolk OTB, as well as the State's five regional OTBs and New York City Off-Track Betting Corporation, has substantially deteriorated over the last five years. This decline was caused mainly by the failing economy, competition with other gambling entities and waning interest in the horse racing industry. Moreover, the mandatory statutory distributions that the OTBs are required to make pursuant to the Racing Law have increased, thereby preventing Suffolk OTB from retaining sufficient capital to reinvest in its business. Furthermore, Suffolk OTB faces greater operating costs, particularly

increases in the cost of pension plans and post-employment benefits including retiree health care. Cash flow problems are also contributing to Suffolk OTB's financial distress.

## RELIEF REQUESTED

8. By this Motion, Suffolk OTB seeks entry of an order that: (a) confirms the application of three key protections afforded to Suffolk OTB under the Bankruptcy Code, (i) the automatic stay of sections 362 and 922, (ii) the anti-termination and anti-modification provisions of section 365, and (iii) the anti-interference provisions of section 904; and (b) approves the form, content, extent and manner of notice of the Order.

## BASIS FOR RELIEF AND APPLICABLE AUTHORITY

9. According to section 362 of the Bankruptcy Code, the filing of Suffolk OTB's chapter 9 petition operates as an automatic stay of actions against Suffolk OTB, including, among other things, the enforcement of any judgment, any act to obtain property from Suffolk OTB, any act to create, perfect, or enforce any lien against property of Suffolk OTB, any act to collect, assess or recover a claim against Suffolk OTB, and the commencement or continuation of any judicial, administrative, or any other action or proceeding against Suffolk OTB or against an officer of Suffolk OTB that seeks to enforce a claim against Suffolk OTB. In addition, section 922 of the Bankruptcy Code stays additional actions designed to enforce the debtor's obligations.

10. Section 365 of the Bankruptcy Code prohibits all parties to executory contracts or unexpired leases with Suffolk OTB from, among other things, modifying or terminating such contract or lease, or any right or obligation under such contract or lease, at any time after the commencement of the case solely because of a provision in such contract or lease

that is conditioned on: (a) the insolvency or financial condition of Suffolk OTB at any time before the closing of the chapter 9 case; or (b) the commencement of the chapter 9 case.

11. Section 904 of the Bankruptcy Code prohibits this Court from taking any action to interfere with: (a) any of the political or governmental powers of Suffolk OTB; (b) any of the property or revenues of Suffolk OTB; or (c) Suffolk OTB's use or enjoyment of any income-producing property, unless Suffolk OTB consents or the plan so provides.

12. The injunctions and limitations contained in sections 362, 922, 365 and 904 of the Bankruptcy Code are self-executing. Despite the self-executing nature of sections 362, 922, 365 and 904 of the Bankruptcy Code, not all parties affected or potentially affected by the commencement of a chapter 9 case are aware of these Bankruptcy Code provisions or cognizant of their significance and impact. For these reasons, it is prudent and practical for a bankruptcy court to issue a separate order embodying and restating the provisions of these sections.

13. Such an order is particularly appropriate in Suffolk OTB's chapter 9 case because chapter 9 filings are unprecedented within this jurisdiction. Suffolk OTB believes that the automatic and self-executing nature of these protections may not be recognized by individuals or entities unfamiliar with the law or processes applicable to a chapter 9 filing unless embodied in an order of this Court. The existence of such an order, which Suffolk OTB will be able to transmit to affected parties, will maximize the protections afforded by sections 362, 922, 365 and 904 of the Bankruptcy Code. Accordingly, Suffolk OTB requests that this Court issue an order that confirms these provisions.

14. Suffolk OTB requests that the Court shorten applicable notice periods pursuant to section 105(a) of the Bankruptcy Code and Rule 9006-1 of the Local Bankruptcy

Rules for the Eastern District of New York (the "E.D.N.Y. Local Bankruptcy Rules"). E.D.N.Y. Local Bankruptcy Rule 9006-1 requires that all motion papers be served at least fourteen (14) days before the hearing date unless otherwise provided by the Court. Suffolk OTB submits that there is sufficient cause to justify shortening the notice period for the hearing to consider this Motion as it relates to the relief sought herein.

15. Suffolk OTB requests that this Court excuse compliance with E.D.N.Y. Local Bankruptcy Rule 9013- 1(a) requiring the filing of a memorandum of points and authorities in connection with this Motion, because of the procedural nature of this Motion.

## NOTICE

16. Suffolk OTB has served notice of this Motion on (i) the U.S. Trustee; (ii) counsel for New York Commercial Bank; (iii) the creditors holding the 30 largest unsecured claims; and (iv) all other parties filing notices of appearance in the above-styled case.

17. No previous request for the relief sought herein has been made by Suffolk OTB to this or any other court.

## **CONCLUSION**

WHEREFORE, Suffolk OTB respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit A: (a) confirming the automatic stay provisions of sections 362 and 922 of the Bankruptcy Code; (b) confirming the anti-termination and anti-modification provisions of section 365 of the Bankruptcy Code; (c) confirming the anti-interference provisions of section 904 of the Bankruptcy Code; (d) approving the form, content, extent and manner of notice of the Order; and (e) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
      March 24, 2011

                                            McKENNA LONG & ALDRIDGE LLP

                            By:  s/ Christopher F. Graham
                                  Christopher F. Graham

                                  230 Park Avenue
                                  New York, New York 10169
                                  Telephone:  (212) 905-8300
                                  Facsimile:  (212) 922-1819

                                  J. Michael Levengood
                                  Alison M. Elko
                                  303 Peachtree Street, Suite 5300
                                  Atlanta, GA  30308
                                  Telephone:  (404) 527-4000
                                  Facsimile:  (404) 527-4198

                                  *Counsel for Debtor Suffolk Regional*
                                  *Off-Track Betting Corporation*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SUFFOLK REGIONAL OFF-TRACK BETTING CORPORATION,<br><br>Debtor.[1] | Chapter 9<br><br>Case No. 11-42250-CEC |

**ORDER CONFIRMING THE PROTECTIONS OF**
**SECTIONS 362, 922, 365 AND 904 OF THE BANKRUPTCY CODE**

Upon consideration of the motion (the "<u>Motion</u>")[2] for an order (the "<u>Order</u>") to confirm the protections of sections 362, 922, 365 and 904 of the Bankruptcy Code, filed by Suffolk Regional Off-Track Betting Corporation ("<u>Suffolk OTB</u>"), the Court, finding that proper and adequate notice of the Motion has been given and that no other or further notice is necessary, and having determined that the relief requested in the Motion is appropriate and in the best interest of the parties in interest in this case,

It is hereby **ORDERED THAT**:

The Motion is **GRANTED**.

1. Suffolk OTB is authorized, by virtue of the filing of its petition for relief under chapter 9 of the Bankruptcy Code, to be afforded the protections of, *inter alia*, sections 362, 922, 365 and 904 of the Bankruptcy Code.

2. In accordance with sections 362 and 922 of the Bankruptcy Code, and except as otherwise provided in section 362 of the Bankruptcy Code, all entities (including

---

[1] Suffolk Regional Off-Track Betting Corporation's address is 5 Davids Drive, Hauppauge, New York 11788 and its tax-payer identification number is 11-2336937.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

individuals, partnerships, corporations and foreign or domestic governmental units) and all those acting for or on their behalf (including sheriffs, marshals, constables and other or similar law enforcement officers and officials) are stayed, restrained and enjoined from:

(a) commencing or continuing, including the issuance or employment of process, any judicial, administrative or other action or proceeding against Suffolk OTB or against an officer of Suffolk OTB that was or could have been commenced before the commencement of the chapter 9 case or to recover a claim against Suffolk OTB or an officer of Suffolk OTB that arose before the commencement of the chapter 9 case;

(b) the enforcement, against Suffolk OTB or against property of Suffolk OTB, of a judgment obtained before the commencement of the chapter 9 case;

(c) any act to obtain possession of property of or from Suffolk OTB or to exercise control over property of Suffolk OTB;

(d) any act to create, perfect or enforce any lien against property of Suffolk OTB;

(e) any act to collect, assess or recover a claim against Suffolk OTB or against an officer of Suffolk OTB that arose before the commencement of the chapter 9 case; or

(f) the setoff of any debt owing to Suffolk OTB that arose before the commencement of the chapter 9 case against any claim against Suffolk OTB.

3. In accordance with and to the extent provided in section 365 of the Bankruptcy Code, all entities (including individuals, partnerships, corporations and foreign or domestic governmental units), and all those acting for or on their behalf are hereby prohibited from modifying or terminating any executory contract or unexpired lease of Suffolk OTB, or any

right or obligation under such contract or lease, at any time after the commencement of Suffolk OTB's chapter 9 case solely because of a provision in such contract or lease that is conditioned on:

        (a)      the insolvency or financial condition of Suffolk OTB at any time before the closing of the chapter 9 case; or

        (b)      the commencement of Suffolk OTB's chapter 9 case.

4. In accordance with and to the extent provided in sections 362 and 365 of the Bankruptcy Code, all parties to any executory contracts or unexpired leases with Suffolk OTB shall continue to perform their obligations under such contracts or leases until such contracts or leases are assumed or rejected by Suffolk OTB or otherwise expire by their own terms.

5. In accordance with section 904 of the Bankruptcy Code, this Court is prohibited from issuing any stay, order, or decree, in this chapter 9 case or otherwise that would interfere with: (a) any of the political or governmental powers of Suffolk OTB; (b) any of the property or revenues of Suffolk OTB; or (c) Suffolk OTB's use or enjoyment of any income-producing property, unless Suffolk OTB consents or the plan so provides.

6. The terms of this Order shall be effective and enforceable immediately upon its entry. Suffolk OTB is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and Suffolk OTB may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8. Notice of the Motion satisfies applicable notice requirements, including, but not limited to, Bankruptcy Rule 9006 and E.D.N.Y. Local Bankruptcy Rule 9006-1.

9. Compliance with E.D.N.Y. Local Bankruptcy Rule 9013-1(a) in connection with the Motion is dispensed with and waived.

Dated: Brooklyn, New York
_____

_____
Carla E. Craig
Chief United States Bankruptcy Judge